EL PUEBLO, APELANTE, *v.* RIVERA, APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 495.—Resuelto en febrero 4, 1913.

DERECHO PENAL—JUICIO POR JURADO—ABSOLUCIÓN PERENTORIA ORDENADA POR UNA CORTE—PRUEBA CONTRADICTORIA.—En un juicio por jurado en que la prueba es contradictoria, la corte no tiene facultades para ordenar la absolución perentoria del acusado. Unicamente por insuficiencia de la prueba puede el tribunal ordenarla.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el Fiscal. Se inició el caso en la Corte de Distrito de Ponce mediante acusación que fué presentada contra Alejo Rivera por infracción del artículo 82 del Código Penal, en la que se alegaba en sustancia, que el día 15 de febrero de 1912, y en Villalba, de Juana Díaz, dentro del distrito judicial de Ponce, Puerto Rico, el referido acusado Alejo Rivera voluntaria e ilegalmente dió un billete de $2 al Policía Insular Librado Santiago, que prestaba servicios en dicho barrio y que es un funcionario ejecutivo, con el propósito dicho acusado de influir en su ánimo, para que no lo denunciase ante la Corte Municipal de Juana Díaz, como autor de un delito de crueldad con los animales, cuyo delito había cometido dentro de ese distrito municipal en 11 de febrero de 1912.

Durante el juicio, que tuvo lugar el día 23 de agosto de 1912, varios testigos, incluyendo a Librado Santiago, declararon que el acusado hizo la oferta de los $2 según se ha alegado en la acusación. El acusado admitió tanto oralmente

como por escrito el hecho de haber dado al policía los $2 alegando, sin embargo, que los dos pesos los había entregado para el pago de cualquier multa que pudiera imponérsele con motivo del supuesto delito de crueldad con los animales y que el referido acusado deseaba regresar al campo para atender a sus asuntos y por tanto no quería perder un día de trabajo, habiendo, además, otros testigos hecho manifestaciones en tal sentido. El juicio se celebró ante un jurado y terminada la prueba, la corte, estimando que la misma era insuficiente en su totalidad para fundar en ella un veredicto condenatorio, ordenó perentoriamente al jurado que trajera un veredicto de absolución. La corte ciertamente dió crédito a las manifestaciones del acusado y no creyó las del policía y sus testigos. Sin embargo, existía en este caso una gran contradicción en la prueba y era necesariamente de la incumbencia del jurado el resolver tal contradicción. Recientemente hemos tenido oportunidad de considerar una cuestión semejante en el caso de *El Pueblo* v. *Delgado,* 18 D. P. R., 951, en cuyo caso se ha examinado la jurisprudencia. Según dijimos en ese caso, para que una corte esté justificada en ordenar un veredicto, la prueba, según el artículo 257 del Código de Enjuiciamiento Criminal, debe ser insuficiente. En este caso se presentó prueba tanto a favor como en contra del acusado fundada en la credibilidad de los testigos y la corte debió haber dejado el caso a la consideración del jurado.

Por las razones expuestas, según aparecen más claramente expresadas en el caso de *El Pueblo* v. *Delgado,* citado anteriormente, debe revocarse la sentencia apelada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.